## W. D. JONES v. J. C. JAMISON.

When it is alleged in the petition, that the claim sued on has been reduced to a judgment in a foreign country, the plaintiff cannot establish it by parol evidence; the original cause of action being merged in the judgment, the suit must be considered as brought upon it.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Michel & Koontz*, for plaintiff and appellant. *Singleton & Clack*, for intervenor. *L. Charet*, for defendant.

MERRICK, C. J. This suit was commenced by attachment. Both plaintiff and defendant were residents of the Island of Jamaica, and have their domicil in Kingston, in that island.

The plaintiff alleges, that the defendant is indebted to him in the sum of $4,236 40 for money had and received of petitioner during the years 1853, 1854 and 1855; that he has judgment against said *J. C. Jamison*, obtained in said Island of Jamaica, for the sum of £850, making said sum of $4,236 40; and he further alleges there are sums of money due the defendant by certain parties in this city, whom he makes garnishees.

The plaintiff did not produce an exemplification of the record of judgment obtained in Jamaica, but relied solely on parol proof taken under a commission issued to the United States Consul residing in Kingston. The District Judge

refused to admit the deposition in evidence, on the ground that, the plaintiff having alleged the existence of a judgment in Jamaica, could not prove his demand by parol evidence, but must produce a copy of the judgment pleaded, it being the best evidence.

Judgment of nonsuit having been rendered, on plaintiff's demand, and in favor of the intervenor, against the garnishee on the intervention, plaintiff appeals.

The appellant contends, among other things, that his suit is not brought upon the judgment obtained in the Island of Jamaica; that the indebtedness of the defendant is alleged separately and distinctly from the allegation of the existence of the judgment; hence, that averment may be regarded as surplusage.

The petition very clearly alleges, that plaintiff has obtained judgment in the Island of Jamaica, the domicil of these parties, plaintiff and defendant, for the debt sued upon. If, therefore, such judgment can have any influence upon this controversy, it cannot be regarded as surplusage; and this brings us to the consideration of the question, whether any effect must be given to such judgment by our courts. Under the *jus gentium*, it would seem that this judgment, rendered upon a cause of action arising at the domicil of the parties, and decided by their own tribunals, ought to be absolutely conclusive everywhere. See Nouveau Denisart, lo., Droit des Gens, p. 259. And this conclusive effect seems to have been given to foreign judgments by the Code of Practice as it stood up to 1846, for they were placed on the same footing as judgments of this or the sister States. Art. 746 C. P. is in these words : " When a creditor has obtained against his debtor a judgment having the force of *res judicata*, in a tribunal different from that in which he seeks execution, whether the judgment was rendered in this State, or another State of this Union, *or in a foreign country*, he may on this ground proceed by executory process, and cause to be seized and sold the property of his debtor, without previous citation, in the same manner as on privilege or mortgage debts, contained in acts importing confession of judgment, except in the case mentioned in the following article."

The excepted case was a judgment by default. It will be seen by the Article quoted, that the Legislature considered that foreign judgments might have the force of *res judicata*, for the order of seizure and sale was to issue only on such as had that effect, and were not rendered by default. These last were governed by Art. 747, which is as follows : " If the judgment of which the creditor is in possession shall appear to have been rendered by default, or on attachment in other tribunals than this State, he cannot proceed by executory process under the pretext that the judgment has acquired the force of *res judicata, but must adopt the ordinary mode*," that is, must bring suit upon his judgment by citation and in the ordinary delays, even if the judgment be *res judicata*.

Art. 753 declares what *copies* of judgments of foreign countries shall be *considered authentic*.

As the Code of Practice stood in 1846, there can be but little doubt that foreign judgments rendered by courts having jurisdiction between parties having notice or duly cited, were conclusive, and might have been pleaded as the thing adjudged. The statute of 1846 does not seem to us to have lessened the conclusive character of foreign judgments, but to have refused the executory process only. It declares that " *so much* of Articles 746 and 747 of the Code of Practice as authorizes a creditor having obtained judgment in another State of this Union, or in a foreign country, to *proceed by executory process* on said judgment, be, and the same is hereby repealed." The ordinary remedy is still left the

creditor ; and the judgment of a sister State or foreign country, as a consequence, have 'no less force than before.

It must follow that the original cause of action was merged in the judgment, upon which last alone the suit under the pleadings ought to be considered as brought. The District Judge did not, therefore, err in refusing to hear parol proof of plaintiff's demand.

Judgment affirmed.